# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY BATANIAN**<br>7017 Westwood Drive<br>Conneaut, Ohio 44030,<br><br>**individually and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**DETREX CORPORATION**<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, OH 43215<br><br>    **Defendant.** | Case No.<br><br>Judge<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Timothy Batanian, by and through undersigned counsel, and for his Complaint against Defendant Detrex Corporation states and alleges the following:

### INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying their non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, including overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and

omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Ashtabula, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

6. At all times relevant herein, Defendant Detrex Corporation was a for-profit corporation, organized and existing under the laws of the State of Michigan and doing business in the State of Ohio.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2). At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

9. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

10. Defendant manufactures chemicals, including hydrochloric acid, at its facility in Ashtabula, Ohio.

11. Defendant employed Plaintiff from approximately April 2018 through May 2025 at its Ashtabula, Ohio facility.

12. Defendants employed Plaintiff and other similarly-situated employees as manufacturing operators.

13. Defendants employ several hundred employees as manufacturing employees who are similarly situated to Plaintiff.

14. At all relevant times Plaintiff's and similarly-situated employees' job duties included, but were not limited to, operating and maintaining machinery in the production and transport of chemicals.

15. Defendants classified Plaintiff and other similarly-situated employees as non-exempt employees under the FLSA.

16. Defendants paid Plaintiff and other similarly-situated employees on an hourly basis.

17. Plaintiff and other similarly-situated employees frequently worked over 40 hours per week for Defendants.

18. At all times relevant herein, Plaintiff worked, on average, 55 hours each week.

**(Failure to Pay for All Hours Worked)**

19. Plaintiff and other similarly situated manufacturing employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) changing into and out of personal protective equipment, including boots, gloves and safety glasses; b) getting paperwork and materials needed for job duties; c) cleaning up the work area from the previous shift; d) walking to and from assigned work areas of the manufacturing floor; e) talking to the shift operator regarding the next shift; and/or performing regular job duties before and after scheduled shifts.

20. The time Plaintiff and other similarly situated employees spent a) changing into and out of personal protective equipment, including boots, gloves and safety glasses; b) getting paperwork and materials needed for job duties; c) cleaning up the work area from the previous shift; d) walking to and from assigned work areas of the manufacturing floor; e) talking to the shift

operator regarding the next shift; and/or performing regular job duties before and after scheduled shifts. was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

21. Performing job duties before and after scheduled shifts, getting paperwork and materials necessary to perform their working, walking to and from their assigned work areas, cleaning after employees on the previous shift, talking to the shift operator and donning protective gear are intrinsic elements of their job duties. Plaintiff and other similarly situated employees cannot dispense with these tasks if they are to be able to perform their work.

22. Plaintiff and other similarly situated employees were not paid for time spent a) changing into and out of personal protective equipment, including boots, gloves and safety glasses; b) getting paperwork and materials needed for job duties; c) cleaning up the work area from the previous shift; d) walking to and from assigned work areas of the manufacturing floor; e) talking to the shift operator regarding the next shift; and/or performing regular job duties before and after scheduled shifts.

23. The amount of time Plaintiff and other similarly situated employees spent on this required and unpaid work amounted to approximately 15 to 30 minutes each day.

24. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Defendants Willfully Violated the FLSA)**

25. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. §

216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

27. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current manufacturing employees who were employed by Defendant in Ohio at any time during the period beginning three years preceding this action's commencement through the present.

28. Plaintiff cannot currently state the exact size of the potential class, but upon information and belief avers that it consists of at least several hundred persons.

29. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to compensate manufacturing employees for all time worked including resulting in unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated regarding their wages and claims for unpaid wages and damages. Plaintiff is representative of these other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

30. These similarly-situated employees are known to Defendant and readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT ONE

### (Fair Labor Standards Act Violations)

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Defendant's practice and policy of failing to pay for all time worked violated the FLSA, 29 C.F.R. § 778.209(a).

33. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

34. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the FLSA.

35. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively prays that this Honorable Court enter judgment in their favor and:

    A.    Issue an order permitting this litigation to proceed as a collective action;

    B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C.    Award Plaintiff and the class he represents actual damages for unpaid wages;

    D.    Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Robert B. Kapitan*
Robert B. Kapitan (00784327)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Blvd.
Moreland Hills, OH 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com

Plaintiff's Attorneys

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Robert B. Kapitan*
One of Plaintiff's Attorneys